**UNITED STATES v. CITIZENS UNION NAT. BANK.**

No. 233.

District Court, W. D. Kentucky, Louisville Division.

Sept. 16, 1941.

Eli H. Brown, III, U. S. Dist. Atty., J. D. Inman, Asst. U. S. Dist. Atty., and Malcolm P. Wallace, Asst. U. S. Atty., all of Louisville, Ky., for plaintiff.

Leo T. Wolford and Bruce & Bullitt, all of Louisville, Ky., for Citizens Union Nat. Bank.

Frank S. Ginocchio, of Lexington, Ky., for Second Nat. Bank of Lexington.

MILLER, District Judge.

The United States of America seeks to recover from the Citizens Union National Bank of Louisville $493.50 with interest being the amount of a check of April 14, 1933, drawn on the Treasurer of the United States to the order of Peter Kennedy, the payment of which was obtained by the forged endorsement of said Peter Kennedy. The check was first presented to and cashed by the Second National Bank of Lexington, which bank endorsed it and sent it to the defendant Citizens Union National Bank of Louisville as its collecting agent. The Citizens Union National Bank endorsed the check and collected it through the Louisville Branch of the Federal Reserve Bank of Saint Louis, and remitted the funds to the Second National Bank at Lexington by crediting its account on the books of the Citizens Union. The plaintiff did not give any notice of the forgery to the Citizens Union National Bank until February 18, 1938. In its answer the Citizens Union National Bank prays for a judgment against the Second

National Bank of Lexington in the event judgment is awarded to the plaintiff against the Citizens Union National Bank.

The amended answers of both banks allege that on October 1, 1931, the plaintiff issued to Peter Kennedy an Adjusted Service Certificate in the amount of $987.-50; that on February 11, 1933, Peter Kennedy notified the plaintiff in writing that he had not received the certificate; that on February 24, 1933, plaintiff issued and mailed to Peter Kennedy at 148 Deweese Street, Lexington, a duplicate Adjusted Service Certificate; on March 24, 1933, Peter Kennedy applied for a 50% loan on the duplicate certificate which application was honored by the issuance of the plaintiff's check to Peter Kennedy in the sum of $493.50, which was mailed to him at the address above given; that on April 14, 1933, plaintiff received the original Adjusted Service Certificate, which the plaintiff knew had never been delivered to Peter Kennedy, together with an application for a 50% loan thereon in the name of Peter Kennedy, with his address given as "c/o Earle McGuffey, 604 Fayette Bank, Lexington, Kentucky;" and that on April 14, 1933, the plaintiff issued its check in question for $493.50 payable to the order of "Peter Kennedy, c/o Earle McGuffey, 604 Fayette Bank, Lexington, Kentucky," and mailed it to said address. The party who received the check was not the real Peter Kennedy, but he nevertheless endorsed the check in that name and had himself identified to the Second National Bank of Lexington as Peter Kennedy by Earle McGuffey and secured payment of the check in that manner. The amended answers further plead that the banks derived no benefit from the payment of said check, were guilty of no negligence in cashing the same, cashed them in good faith in the usual and ordinary course of business, and the plaintiff's conduct as above set out made it possible for the forged endorsement and fraudulent scheme to be carried out. The plaintiff has moved to strike from the record the amended answers of both banks.

The plaintiff bases its right to recover upon the well established general rule that it is the bank's duty in cashing a check to pay only on the genuine endorsement of the payee, which duty is an absolute one requiring the bank to ascertain at its peril whether or not the endorsement of the payee designated in the check is genuine. If the endorsement is a forgery and the bank pays the check the loss falls upon the bank, regardless of its good faith and lack of negligence in the matter. Kentucky Statutes, Section 3720b-23; Kentucky Title Savings Bank & Trust Co. v. Dunavan, 205 Ky. 801, 266 S.W. 667; Commercial Bank of Grayson v. Arden & Fraley, 177 Ky. 520, 197 S.W. 951, L.R.A.1918B, 320. Section 3720b-23 of the Kentucky Statutes, being part of the Kentucky Negotiable Instrument Law, provides as follows: "Where a signature is forged or made without the authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority."

This states the general rule to be as contended for by the plaintiff, but it also contains an exception to the general rule which is disregarded by the plaintiff. The exception, as stated in the statute, is that the general rule applies "unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority." The Kentucky Court of Appeals in Baskett v. Ohio Valley Banking & Trust Company, 214 Ky. 41, 281 S.W. 1022, held that the word "precluded" was synonymous with the word "estoppel." Under circumstances very similar to the ones set up in the amended answers of the banks the Court of Appeals of Kentucky held in Citizens' Union National Bank v. Terrell, 244 Ky. 16, 50 S.W.2d 60, 63, that the drawer of the check was precluded from setting up the forgery of the payee's name, and that the loss resulting from cashing such a check would fall upon the drawer instead of upon the depository bank. The Court stated the general rule but also pointed out the well recognized exception, that the loss will fall upon the drawer where his own acts and conduct invited and made possible the forgery. "The exception to the general rule springs from the just and equitable principle recognized in all jurisdictions that, where one of two innocent parties must bear a loss, it must be borne by the one whose conduct made it possible." The same rule under similar circumstances has also been applied in the following cases: Commonwealth v. Farmers Deposit

Bank, 264 Ky. 839, 95 S.W.2d 793; Security-First National Bank of Los Angeles v. United States, 9 Cir., 103 F.2d 188; Royal Indemnity Co. v. Federal Reserve Bank of Cleveland, D.C.S.D.Ohio, 38 F.Supp. 621.

The plaintiff also relies upon Kentucky Statutes, Section 3720b-66, which provides that every endorser of a negotiable instrument who endorses without qualification, warrants to all subsequent holders in due course that the instrument is genuine and in all respects what it purports to be, and that it will be paid according to its tenor. This section of the Negotiable Instrument Law confers rights upon only those who are subsequent holders in due course. The drawee bank which has paid the check is not a subsequent holder in due course. Kentucky Statutes, Sections 3720b-190 and 3720b-52; Louisa National Bank v. Kentucky National Bank, 239 Ky. 302, 39 S.W.2d 497.

The facts as stated in the amended answers of the Citizens Union National Bank and the Second National Bank of Lexington, Kentucky, constitute a valid defense to the cause of action set out in the complaint, and accordingly the plaintiff's motion to strike these amended answers from the record is overruled.